**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| LASHAWN TERRY, ) | CASE NO. 1:08-OOO98 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | NANCY A. VECCHIARELLI |
| JEREMY MCCOLLOUGH, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | **MEMORANDUM OPINION** |

On October 1, 2008, Defendant the United States of America (United States) filed a Motion to Dismiss pursuant to Fed. Rule Civ. P. 41(b). (Doc. No. 40) On October 3, 2008, Defendant Greater Cleveland Regional Transit Authority (GCRTA) joined the United States's Motion to Dismiss. (Doc. No. 41) The Plaintiff has not opposed Defendants' Motion. For the reasons set forth below, the Motion to Dismiss is GRANTED.

Plaintiff filed this action on December 3, 2007 against Defendants alleging that he was injured when a GCRTA bus upon which he was riding collided with a car driven by Jeremy McCollough, an employee of the United States Department of Immigration and Customs Enforcement.[1] On July 2, 2008, Defendant GCRTA filed a cross claim against

---

[1] The United States removed the case from the Cuyahoga County Common Pleas Court to the United States District Court for the Northern District of Ohio on January 14, 2008. (Doc. No. 1) The United States filed a Notice of Substitution on the same day. (Doc. No. 2)

Defendant United States.  In June 2008, Plaintiff was incarcerated in the Bedford municipal jail for two theft offenses.  He was then moved to the Geauga County jail due to space limitations at the Bedford jail. Plaintiff has not had direct contact with his attorney in this case since early summer 2008. Plaintiff's willful failure to communicate with his attorney has caused undue delay in the litigation of this case, and noncompliance with the Court's Orders. It has caused the Defendants undue expense, and has prejudiced Defendants' ability to defend this case.  Further, Plaintiff's conduct indicates that Plaintiff does not intend to prosecute this action in a timely fashion, and shows a reckless disregard for the integrity of these proceedings.  A review of the discovery proceedings is illustrative.

On June 30, 2008, the Court held a telephone conference at which time the Court ordered that expert reports were due by August 21, 2008.  (Doc. No. 18)

On August 21, 2008, Defendant GCRTA filed a Motion for Extension of Time to Submit Expert Witness Report and a Motion for Physical Examination of Plaintiff.  (Doc. Nos. 27, 28)  These Motions were based on Plaintiff's failure to execute medical release authorizations and to make himself available for an independent physical examination. Specifically, Plaintiff failed to respond to letters sent to him by GCRTA on June 4, 2008 and July 15, 2008.

On August 29, 2008, the Court held a telephone conference to discuss Plaintiff's failure to respond to discovery, as well as other discovery disputes.  The Court: denied Defendant GCRTA's Motion for Physical Examination without prejudice to re-file upon a

2

showing of good cause and necessity;[2] ordered Plaintiff to supplement Defendant GCRTA's discovery request regarding medical treatment and providers by the close of business September 4, 2008; directed all parties to hand deliver responses to written discovery by the close of business September 18, 2008; and, after a great deal of discussion regarding the scheduling availability of counsel, scheduled Plaintiff's deposition for September 19, 2008 at 9:30 a.m. at the United States Attorney's office; and set the final pretrial conference for March 9, 2009 and the jury trial for March 16, 2009. (Doc. Nos. 31, 32)

On September 18, 2008, Defendant United States filed a Motion to Stay Discovery because it had just been informed by Plaintiff's counsel that Plaintiff would not appear for his scheduled deposition because he was incarcerated. (Doc. No. 33)

In response to the Motion, the Court held a telephone conference on September 22, 2008. At that time, the Court ordered all scheduled depositions stayed until September 26, 2008, and scheduled a follow up telephone conference on September 24, 2008. (Doc. No. 34)

At the September 24, 2008 telephone conference, the Court ordered Plaintiff's counsel to file a memorandum setting forth Plaintiff's location and incarceration status. (Doc. No. 36) Plaintiff's counsel filed a Record of Incarceration on September 24, 2008, which he supplemented later that day. (Doc. Nos. 35, 38) The Records of Incarceration contained the following facts:

---

[2]The Court denied the Motion because Plaintiff's counsel represented for the first time that Plaintiff was not seeking damages for permanent injuries, and that therefore his demand was now $8,000, not $250,000. Additionally, Plaintiff's counsel represented that Plaintiff would have difficulty traveling to an examination due to transportation problems.

1. Plaintiff was incarcerated in the Bedford municipal jail sometime in June 2008;

2. Plaintiff appears to have been continuously incarcerated since then;

3. Plaintiff did not personally execute the medical releases, or sign the supplemental discovery.  These were signed by Plaintiff's attorney pursuant to a limited power of attorney signed by Plaintiff at the start of his case;

4. Plaintiff's counsel first learned that Plaintiff was unavailable for the September 19, 2008 deposition through Plaintiff's mother on or around the weekend of September 13, 2008;

5. Plaintiff's counsel has had no direct contact with Plaintiff since early summer 2008;

6. Plaintiff's counsel has had an extremely difficult time communicating with Plaintiff, and this lack of communication has clearly delayed the prosecution of the case;

7. After Plaintiff serves his sentence, which ends May 30, 2009, he will be transported to Strongsville city jail because of another theft offense, and will thereafter be arraigned.

Federal Rule of Civil Procedure 41(b) provides that a defendant may move to dismiss a plaintiff's claims "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of the court."  In addition, Fed. Rule Civ. P. 37(b)(2) provides that if a party "fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just."  Fed. Rule Civ. P. 37(b)(2).

The Court understands that "to dismiss a party's action for failure to prosecute or comply with a court order ... is a harsh sanction which the court should order only in extreme situations showing a clear record of delay or contumacious conduct by the plaintiff."  *Carver v. Bunch,* 946 F.2d 451, 454 (6th Cir. 1991) (internal citations omitted). Nevertheless, under the circumstances, dismissal of Plaintiff's claims is warranted.

Plaintiff's willful failure to communicate with his attorney since early summer 2008, his failure to comply with the Court's Orders, and his failure to respond to Defendants' Motion to Dismiss indicates that Plaintiff does not intend to prosecute this case; and shows a reckless disregard for the integrity of these proceedings.  Moreover, Plaintiff's actions have caused undue delay in the litigation of this case, as well as caused the Defendants undue expense, and prejudiced their ability to defend this case.  Under these circumstances, the Court finds that no adequate alternative sanctions are available to protect the integrity of the process and the interests of the defendants.

Further, because Defendant GCRTA's cross claim against Defendant United States is dependent upon Plaintiff's complaint, Defendant GCRTA'S cross claim must also be dismissed.

For the foregoing reasons, Plaintiff's complaint and Defendant Greater Cleveland Regional Transit Authority's cross claim are dismissed.  Each party shall bear its own costs.

IT IS SO ORDERED.

/s/ *Nancy A. Vecchiarelli*

U.S. MAGISTRATE JUDGE

Date: October 16, 2008